Richard J. Parker, OSB # 800945
Parker, Butte & Lane, PC
1200 NW Naito Parkway, Suite 200
Portland OR 97209
Ph: (503) 241-1320
FAX 503-323-9058

rjp@pbl.net

Attorney for Plaintiff / Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: <br><br> BRIDGET L. TOWLES, <br><br> Debtor. | Case No.: 21-31455-thp13 |
| BRIDGET L. TOWLES, <br><br> Plaintiff, <br> vs. <br><br> WE COLLECT, INC. <br> DBA ATLAS FINANCIAL SERVICES, <br><br> Defendant. | Adv. Proc. No: 21-03046-thp <br><br> AMENDED COMPLAINT <br><br> (Preferential Transfer; Lien Avoidance) |

Debtor, by and through her attorney, Richard J. Parker, alleges as follows:

JURISDICTION AND VENUE

1

This court has jurisdiction of this proceeding pursuant to 28 U.S.C. 157, 1334, United States District Court Local Rule

1 – COMPLAINT (20166-8)

2100.1, and Bankruptcy Rule 7001.  This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (F) and (K).  Plaintiff hereby consents to the entry of any Final Order or Final Judgment by the Bankruptcy Judge in the above captioned Adversary Proceeding.  Venue is proper pursuant to 28 U.S.C. 1409.

### PARTIES

2

On June 29th, 2021, ("Petition Date") a petition for relief under chapter 13 was filed by Bridget L. Towles and an Order for relief was entered.

3

At all material times Bridget L. Towles was a resident of Portland, Oregon.

### FACTUAL ALLEGATIONS

4

Prior to filing of the bankruptcy, Defendant We Collect, Inc. dba Atlas Financial Services filed a suit against Plaintiff Bridget L. Towles.

5

Defendant obtained a pre-petition judgment against Plaintiff – Debtor in Multnomah County on or about June 7th, 2021, under case number 21SC06020 in the amount of $3,403.05.

///

///

6

As a result, Defendant potentially asserts a secured claim against the real property owned by the Debtor, located at 3158 N Halleck Street, Portland, OR, 97217, hereafter "the Property".

FIRST CLAIM FOR RELIEF

11 U.S.C. 547(b)

(Preferential Transfer)

7

Plaintiff realleges and incorporates paragraphs 1 through 7 above as though fully set forth herein.

8

Within 90 days before the Petition Date, Defendant allegedly obtained a security interest in the Property in the form of a Judgment Lien filed in state court.

9

The Judgment Lien entered in favor of Defendant was:

(a) the transfer of an interest of the Debtor in property;

(b) for or on account of an antecedent debt owed by the Debtor before the transfer was made;

(c) made at a time when the Debtor was insolvent; and

(d) if validated would enable Defendant to receive more than it would have received if the transfer had not been made and had Defendant received distributions from the estate pursuant to the Bankruptcy Code.

10

By reason of the foregoing and pursuant to 11 USC Sections 547 and 550, the above-referenced transfer was preferential and the Trustee is entitled to avoid the transfer to Defendant.

SECOND CLAIM FOR RELIEF

(11 U.S.C. 544

(Lien Avoidance)

11

Plaintiff alleges and incorporates by reference paragraphs 1 through 10 above as though fully set forth herein.

12

The Judgment Lien held by Defendant in the Property is avoidable by the Debtor under 11 U.S.C. section 547(b).

13

Pursuant to Bankruptcy Code Sections 544 and 551, the Trustee and by assignment, the Plaintiff - Debtor, is entitled to a judgment avoiding the security interest held by Defendant and preserving that security interest for the benefit of the estate.

14

WHEREFORE, Plaintiff requests the entry of a judgment against Defendant as follows:

1. Avoiding the Judgment Lien as a preference under 11 U.S.C. Section 547;

2. Avoiding the Judgment Lien and preserving that lien for the benefit of the estate under 11 U.S.C. Sections 544 and 551.

3. Awarding the Debtor her reasonable costs incurred herein; and

4. Granting such other and further relief as the court deems just and proper.

Dated this 5th day of October, 2021.

    /s/ Richard J. Parker
RICHARD J. PARKER OSB # 800945
Attorney for Plaintiff / Debtor